IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
Nominee for Homecomings
Financial Network, Inc.,**

**Plaintiff,**

v.

**TODD E. BROOKS and ANGELA
BROOKS,**

**Defendants.**                                          Case No. 04-CV-0856-DRH

## JUDGMENT DECREE AND ORDER DIRECTING SALE OF MORTGAGED PROPERTY

**HERNDON, District Judge:**

  Before the Court is Plaintiff Mortgage Electronic Registration Systems, Inc.'s motion to obtain a default judgment. (Doc. 18.) Default having already been entered against Defendants, the Court **GRANTS** Plaintiff's motion for default judgment and **ENTERS JUDGMENT** as follows:

  This cause coming on to be heard on Plaintiff's Motion for Judgment, the Court finds:

  1. That it has jurisdiction of the parties hereto and the subject matter hereof, and that service of process in each instance was properly made.

  2. In this foreclosure of a mortgage which was residential real estate at the commencement of this foreclosure proceeding, the redemption period shall end on

1

the later of (i) the date 7 months from the date of the mortgagor or, if more than one, all the mortgagors (a) having been served with summons or by publication, or (b) have otherwise submitted to the jurisdiction of this Court, or (ii) the date three months from the date of entry of this Judgment of Foreclosure.

3. That the date when the mortgagor(s) was served with summons on January 6, 2005.

4. That the redemption period in this case shall expire thirty (30) days from the date of entry of this Judgment of Foreclosure.

5. That by virtue of the Mortgage and the Note secured thereby, there is due from the Mortgagors to the Plaintiff, and the Plaintiff has a valid lien for said amount upon the hereinafter described property as follows:

| | |
|---|---|
| Unpaid principal: | $122,395.63 |
| Accrued interest to 7/18/05: | $ 10,103.03 |
| Real estate taxes: | $ 1,453.05 |
| Broker's price opinion: | $ 105.00 |
| Bankruptcy fees and costs: | $ 800.00 |
| Late charges: | $ 89.18 |
| Costs of suit: | $ 833.00 |
| Plaintiff's attorney's fees: | $ 1,100.00 |
| TOTAL JUDGMENT INDEBTEDNESS: | $136,878.89 |

6. The mortgage described in the Complaint and hereby foreclosed appears of record in the Office of the Recorder of Deeds in Madison County, Illinois as Document No. 2003R90554, and the subject property is legally described as follows:

> LOT FOUR (4) IN SPOHR'S SUBDIVISION, A RESUBDIVISION OF TRACT "F" IN LONG LAKE SHORE ACRES, A SUBDIVISION IN SECTION 3 TOWNSHIP 3 NORTH, RANGE 9 WEST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED IN THE RECORDER'S OFFICE OF MADISON COUNTY, ILLINOIS IN PLAT BOOK 32 PAGE 18; EXCEPTING THEREFROM THE COAL, GAS, OIL AND OTHER MINERAL RIGHTS CONVEYED,

EXCEPTED OR RESERVED IN PRIOR CONVEYANCES, IF ANY; SITUATED IN THE COUNTY OF MADISON AND STATE OF ILLINOIS.

Commonly known as 4234 BRECKENRIDGE, GRANITE CITY, IL 62040

PTN:  17-2-20-03-16-401-004

7. The names of the Defendants personally liable for the deficiency, if any, are:  NONE

8. The rights and interest of all the other parties to this cause to the subject property are inferior and subordinate to the lien of the Plaintiff, and are described as follows:  TODD E. BROOKS and ANGELA BROOKS

The amount set forth for each of these lien holders is not to be considered a judgment by virtue of this Order, but which is subject to further order of this Court.

9. The Plaintiff has been compelled to retain legal counsel and to advance money in payment of costs, fees, expenses and disbursements for taxes, assessments and insurance in connection with this foreclosure, which, under the terms of the Mortgage, are made a lien upon the mortgaged real estate and which the Plaintiff is entitled to recover, together with interest on all advances at the rate of interest provided in the Mortgage, from the date on which such advances are made.

10. The allegations in Plaintiff's Complaint are true, and the equities in the cause are with Plaintiff, and Plaintiff is entitled to the relief prayed for in the Complaint, including foreclosure of said Mortgage upon the subject real estate described therein, in the amount of the Total Judgment Indebtedness as found above, together with interest thereon at the statutory rate after the entry of this

3

judgment, and with additional advances, expenses and court costs as may be paid out by Plaintiff thereafter.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

A.    REDEMPTION: The Defendant(s) are ordered to pay to the Plaintiff the Total Judgment Indebtedness found due above before the expiration of the redemption period, together with additional attorney's fees, costs, advances, and expenses incurred thereafter with interest.  In default of such payment, upon expiration of the redemption period, the mortgaged real estate may, at Plaintiff's discretion, be sold to satisfy the amount due to Plaintiff, together with the interest, costs, advances, and expenses incurred after Judgment at the statutory judgment rate from the date of the Judgment.  This Court has approved the portion of the lien attributable to attorneys' fees in Finding 5 only for purposes of the foreclosure sale, and not for purposes of determining the amount required to be paid personally by Defendant(s) in the event of redemption by Defendant(s), or a deficiency judgment, or otherwise.

B.    THE SALE shall be by public auction with open verbal bid conducted by Special Commissioner to be appointed by the Court.  Federal law requires a public sale "at the courthouse of the county, parish or city in which the greater part of the property is located, or upon the premises or some parcel thereof located therein, as the Court directs." 28 U.S.C.§2001(a).  Exceptions to which title shall be subject at the sale shall include unpaid general real estate taxes, special assessments upon the real estate, and easements and restrictions of record, as well as any liens of records prior in right and interest to the lien herein foreclosed, as well as any

subordinate liens not included in this action and not foreclosed hereby.

  C. <u>PUBLICATION FOR SALE</u>:  A Notice of Sale specifying the time, date, and location of the sale and identifying and describing the real estate to be sold shall be published as required by law at least four (4) consecutive calendar weeks, once in each week.  The first notice is to be published no more than 45 days prior to the sale, the last notice is to be published not less than 7 days prior to the sale, pursuant to law.  If the sale is to be continued to a later date less than 60 days after the last scheduled sale, notice of any adjourned sale shall be given verbally at the originally scheduled sale time and place.

  D. <u>REPORT OF SALE</u>:  The person conducting the sale shall prepare a Report of Sale specifying the amount of proceeds of sale realized and the disposition thereof.  Said Report shall be delivered to Plaintiff's attorney for presentation to the Court for its approval.  Out of the proceeds of the sale, the person conducting the sale shall retain his fees and costs.  Out of the remainder of such proceeds, the person conducting the sale shall pay to the Plaintiff the amount of this Judgment found to be due with interest on said sum, computed pursuant to 28 U.S.C. §1961(a) from the date of this Judgment to the date of sale, plus advances by Plaintiff for the publication for Sale, taxes, maintenance, late charges, and other necessary items, plus interest thereon from the date of said expenditure to the date of sale.

  In the event any party to this foreclosure is the successful bidder at the sale, such party may offset against the purchase price to be paid for such real estate the amounts due such party under this Judgment of Foreclosure, once said party's lien position has been adjudicated by the Court, plus amounts advanced for costs

5

and expenses with interest thereon.  In the event of a third-party bidder, the successful bidder shall pay to the person conducting the sale, no less than 10% down in certified funds, and the balance within 24 hours of the date of the sale.  If the remainder of the proceeds shall not be sufficient to pay the above-described amounts, the person conducting the sale shall then specify the amount of the deficiency in his Report of Sale.  If such remainder shall be more than sufficient to pay such amounts, the person conducting the sale shall hold the surplus subject to further order of this Court.

      E.    <u>CERTIFICATE OF SALE</u>:  After the sale, the person conducting the sale shall give a Certificate of Sale to the purchaser.  The Certificate shall be freely assignable by endorsement thereon.  Upon confirmation of the sale by Order of this Court, the person who conducted the sale shall execute a Deed to the holder of the Certificate of Sale sufficient to convey title.  Such conveyance shall be an entire bar of all claims of parties to the foreclosure and all claims of non-record claimants given notice of the foreclosure as provided by statute.

      F.    <u>POSSESSION</u>:  The Mortgagor(s) shall have possession of said real estate until the sale is confirmed unless an order of Court to the contrary is entered.  Upon confirmation of the sale by Order of this Court, the purchaser or his assigns shall have a right to possession of the premises conveyed, and any of the parties in this cause who are in possession of said premises, and any persons who, since the commencement of this suit, have come into possession shall surrender possession thereof to such purchaser or be subject to eviction thirty (30) days after the Order confirming the Sale is entered by this Court.

G.  This Court hereby retains jurisdiction of the subject matter of this cause and of all the parties hereto for the purpose of enforcing this Judgment, and for appointing a Receiver during the redemption period, if necessary.

H.  <u>Termination of Leases</u>:  All leases now existing with respect to the subject property shall be terminated thirty (30) days after the confirmation of the sale of the subject property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that <u>Plaintiff/Mortgagee Mortgage Electronic Registration Systems, Inc., nominee for Homecomings Financial Network, Inc.</u>, be the party to issue public notice consistent with **735 ILL. COMP. STAT 5/15-1507(c)(1)**.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States Marshal for the Southern District of Illinois conduct this judicial sale consistent with provisions set forth herein.  The sale is to be conducted at the front door of the Madison County Courthouse in Edwardsville, Illinois.

**IT IS SO ORDERED.**

Signed this 14th day of July, 2005.

/s/   David RHerndon
**United States District Judge**